# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

OCEANROAD GLOBAL SERVICES LIMITED,              Chapter 15
                                                Case No.:

    Debtor in a Foreign Proceeding.
_____/

**DECLARATION OF THE FOREIGN REPRESENTATIVE IN SUPPORT OF
CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING**

    I, Colin Diss, as one of the joint liquidators of Oceanroad Global Services Limited ("Oceanroad" or "Debtor"), hereby declare under penalty of perjury under the laws of the United States as follows:

    1.    This declaration is submitted in support of the Chapter 15 Petition for Recognition of a Foreign Proceeding pending in the United Kingdom.

    2.    I am over the age of 18 and, if called upon, could competently testify as to all matters set forth in this Declaration based upon my own personal knowledge, except for those parts specified as being otherwise. Where matters are based on information supplied to me, those matters are true to the best of our information, knowledge, and belief, and I clearly identify the source of that knowledge.

    3.    I am a licensed insolvency practitioner with Grant Thornton UK LLP. Together with my colleagues Nicholas Wood and Michael Leeds, I was appointed as a Joint Liquidator (collectively, the "Joint Liquidators" or "Foreign Representatives") in the creditors' voluntary liquidation of Oceanroad.[1] As described more fully herein, Oceanroad was placed into members'

---

[1] I am authorised by my fellow Joint Liquidators to make this statement on behalf of the Joint Liquidators.

1

voluntary liquidation on October 26, 2020 by its members' resolution to wind up Oceanroad, which was subsequently converted to a creditors' voluntary liquidation. The status of the liquidation and the Joint Liquidators' appointment in the same was confirmed by an order of the judge of the High Court of Justice Business and Property Courts in Manchester Insolvency and Companies List (ChD) ("UK Court") dated April 14, 2021 ("UK Proceeding"). A copy of the order (the "Liquidation and Appointment Order") is attached as **Exhibit A**.

4. The Foreign Representatives took office as the joint liquidators for Oceanroad pursuant to the resolution of creditors at a meeting duly convened for that purpose on February 10, 2021, as described more fully in paragraph 17 herein. The Foreign Representatives have acted in the capacity as joint liquidators in the UK Proceeding continuously since Oceanroad gave notice of their appointments to Companies House in the UK on February 11, 2021.

5. We are advised that within the meaning of chapter 15 of the US Bankruptcy Code: (i) the Joint Liquidators are the "foreign representatives" of the Debtor; (ii) the Debtor's center of main interests has, at all times relevant, been in England and Wales; and (iii) the UK Proceeding is a "Foreign Main Proceeding".

**Factual Background**

6. Oceanroad is a private limited company incorporated in the United Kingdom on August 24, 2005 as "Oceanroad Limited" with company number 05545539. Its registered office was located at 19 Leyden Street, London E1 7LE, United Kingdom when its liquidation began, having previously maintained a different registered office in London. As of the date of this Declaration, the Foreign Representatives are unaware of any evidence that Oceanroad conducted the administration of its affairs other than from its registered office or that it had any establishment or place of business outside England and Wales.

7.      In accordance with documentation filed at Companies House,[2] Oceanroad was considered to be a dormant company up to the year ending December 31, 2007.  The financial statements for the year ending December 31, 2008 indicate that it commenced operations in 2008 and describe its principal activity to be that of an agent providing various business development, analysis, advisory, and consulting services.

8.      The sole director and member of Oceanroad at its incorporation was Chalfen Nominees Limited ("Chalfen").  Amicorp (UK) Directors Limited ("Amicorp Directors") replaced Chalfen as director on August 24, 2005.  Chalfen's share was transferred to Amicorp (UK) Nominees Limited ("Amicorp Nominees") on November 3, 2008 and Amicorp Nominees was subsequently allotted one further share.  Hansamercator Ltd replaced Amicorp Nominees as shareholder on November 14, 2008 and held these shares until January 16, 2018.  From January 16, 2018 up until the time Oceanroad went into liquidation, its sole shareholder was Leslie Steven Scheltens, who held two shares. Leslie Steven Scheltens has been noted at Companies House as the person with significant control, with effect from January 16, 2018.

9.      Amicorp Directors terminated its appointment as director on November 18, 2008 and Paul Kythreotis and Michael Brian Price were appointed as directors on that date.  Paul Kythreotis subsequently resigned on July 1, 2011. Michael Brian Price later resigned on December 31, 2013, the same day on which Kwok Tung Lee was appointed as director.  Following this, Carol Joy Smit was appointed as director on December 1, 2014.  Kwok Tung Lee then resigned on November 28, 2016 and Santiago Barot was appointed director on the same day.  Carol Joy Smit then resigned on December 12, 2016 leaving Santiago Barot as the sole director.  Santiago Barot

---

[2] Companies House is an administrative governmental entity performing a registration and recordkeeping function similar to the Corporate Division of the Department of State for most U.S. states.

3

remains in office as the current sole director.

**Commencement of the UK Proceeding and Appointment of the Joint Liquidators**

10. Oceanroad is presently in creditors' voluntary liquidation due to its inability to pay its debts and its apparent participation in a multinational fraud scheme, as described more fully herein. Formerly, however, Oceanroad was in members' voluntary liquidation.

11. On October 21, 2020, Oceanroad's director, Mr. Santiago Barot, made a statutory declaration of solvency pursuant to section 89(3) of the Insolvency Act 1986,[3] to the effect that all of Oceanroad's debts would be paid in full, together with statutory interest, within 12 months of the commencement of the liquidation.

12. On October 26, 2020, a requisite majority of Oceanroad's members passed the following written resolutions:

   a. That Oceanroad be wound up voluntarily;

   b. That Mr. Shane Biddlecombe and Mr. Gordon Johnston (together, the "MVL Liquidators") be appointed as joint liquidators of Oceanroad for the purposes of the voluntary winding up; and

   c. That the MVL Liquidators be authorised to divide among the members of Oceanroad in specie part or the whole of the assets of Oceanroad and may, for that purpose, value any assets and determine how the division between members should be carried out.

13. On November 3, 2020, the MVL Liquidators filed a notice recording their appointment as liquidators of Oceanroad in the members' voluntary liquidation at Companies

---

[3] Mr. Barot was Oceanroad's sole director from November 28, 2016 onward. In his statutory declaration of solvency, he listed his address as 64 Evans Wharf, Hemel Hempstead, Hertfordshire, HP3 9WN, United Kingdom.

4

House.

14. Later, on December 3, 2020, Standard Chartered Bank and Standard Chartered Bank (India) (together, "SCB") served on Oceanroad and the MVL Liquidators an Amended Claim Form, issued by SCB in the High Court of Justice, Business and Property Courts of England and Wales, Queen's Bench Division, Commercial Court (the "Commercial Court") on August 5, 2020 and amended on November 30, 2020, against Oceanroad with claim number CL-2020-000503 (the "Claim Form").  The amount claimed by SCB pursuant to the Claim Form was USD 66,491,888.97.  SCB also served on the MVL Liquidators proofs of debt in Oceanroad's liquidation.

15. In the Claim Form, SCB alleges that Oceanroad took part in laundering the proceeds of a significant, complex, and multinational fraud believed to have been committed against SCB (and other banks) originating with one of its customers, Winsome Diamonds and Jewellery Limited ("Winsome").  SCB claims that it advanced gold bullion to Winsome pursuant to a Precious Metal Facility Agreement, Winsome defaulted on its obligations under the agreement, and Winsome sold the gold and dissipated and/or laundered the sales proceeds. According to SCB, Winsome transferred the sales proceeds to companies based in the United Arab Emirates, which were purportedly jewelry distributors (the "UAE Companies").  SCB alleges that the UAE Companies subsequently entered into sham derivative contracts with Oceanroad and five other UK companies and one Irish company (the "Derivative Companies"), respectively, that were designed to allow those responsible for the fraudulent scheme to move, conceal, and/or launder funds through the Derivatives Companies.  Specifically, Oceanroad purportedly entered into a sham derivative contract with one of the UAE Companies, Al Mufied Jewellery FZC ("Al Mufied").  The Claim Form mentions England and Wales, India, the United Arab Emirates, and

5

the United States of America as jurisdictions where the alleged fraud scheme took place. The Foreign Representatives anticipate from their work to date that information and documents relevant to the alleged fraud scheme exist in other jurisdictions as well.

16. Oceanroad did not file an Acknowledgment of Service in response to the Claim Form in accordance with Civil Procedure Rule (CPR) 58.6(2). As a result, on December 30, 2020, SCB applied for judgment in default for an amount of money to be decided by the Court pursuant to CPR 58.8(1) and CPR 12.4(1)(b). On January 16, 2021, the Commercial Court made an Order pursuant to which (inter alia) judgment was entered against Oceanroad for an amount of money to be decided by the Court (the "Default Judgment").

17. On January 27, 2021, following service of the Default Judgment on the MVL Liquidators, the MVL Liquidators sent a letter to Oceanroad's creditors advising that (1) Oceanroad would be unable to pay its debts in full within the period stated in the statutory declaration made by its director, and, therefore, (2) the solvent liquidation would be converted into an insolvent one through a creditors' voluntary liquidation. The letter also advised of a virtual meeting where the creditors would decide, among other things, on a new creditor-nominated liquidator and the release of the MVL Liquidators. The virtual creditors' meeting took place on February 10, 2021, where the creditors resolved to nominate the Foreign Representatives as the joint liquidators and release the MVL Liquidators.

18. On February 11, 2021, Oceanroad gave notice at Companies House of the Foreign Representatives' appointment as the joint liquidators in Oceanroad's creditors' voluntary liquidation.

19. As previously stated, the UK Court handed down the Liquidation and Appointment Order on April 14, 2021, which order confirms that the Foreign Representatives "are validly and

effectively appointed" as Oceanroad's joint liquidators and are authorized to administer the liquidation of Oceanroad's assets and affairs and act as Oceanroad's representative in the creditors' voluntary liquidation. Ex. A ¶¶ 2, 5.

20. The primary objective of the Foreign Representatives' appointment is to investigate Oceanroad's alleged involvement in the scheme described by SCB, with a view to identifying and realizing assets for Oceanroad's creditors. To that end, and as a first step, the Foreign Representatives seek foreign main recognition under chapter 15 of the US Bankruptcy Code with the intention of seeking information and documents located in the US including, in particular, evidence in relation to funds that passed through Oceanroad's accounts and subsequently flowed through the accounts of several other entities. The Foreign Representatives anticipate that such information and documents will be held by US financial institutions under the jurisdiction of the US Court. The Foreign Representatives expect that forensic analysis of this information, in particular payment flows and counterparties, will enable them to begin investigating the alleged scheme and identifying further lines of enquiry both in the US and other jurisdictions.

21. Following the Joint Liquidators' appointment books and records were obtained from Oceanroad's director, which included accounting records showing thirty (30) payments totaling USD 156,034,344 being made by Oceanroad to a UK company called Docklands Investment Limited ("Docklands"). These payments immediately followed receipts on either the same day or previous day for exactly the same amount from a UAE company, Al Mufied. Oceanroad's cashbook included the same deal name for each of the receipts from Al Mufied and the payment to Docklands in the same amount. In the books and records delivered up by the Director of Oceanroad is a Power of Attorney signed by Michael Price (then the director of Oceanroad) and dated 2 January 2012. This Power of Attorney authorizes Mathew Hart to enter

into and execute agreements with Al Mufied on behalf of Oceanroad. In the documents delivered up to the Joint Liquidators to date, the Joint Liquidators have located no other documents evidencing the receipts from Al Mufied and payments to Docklands or which reference other documents which might evidence them. Both Oceanroad and Docklands had the same Cypriot based parent company, Hansamercator Ltd, and a common director at incorporation, Chalfen. The Joint Liquidators have found no documentary evidence to explain why the payments were made nor any written agreement between Oceanroad and Docklands or Oceanroad and Al Mufied for that matter. As such, the Joint Liquidators intend to use discovery under chapter 15 to trace the funds sent by Oceanroad to Docklands.

**Debtors Have a Domicile, Place of Business, or Property in the United States**

22. As the joint liquidators of Oceanroad, the Foreign Representatives have been charged to investigate Oceanroad's business, assets, affairs, rights, obligations, and liabilities, both in the UK and worldwide. The investigation has revealed that assets of the Debtor may be located in or have passed through the United States.

23. The Foreign Representatives seek recognition of the UK Proceeding in furtherance of a worldwide pursuit of assets with which to satisfy unpaid claims as well as to investigate, identify, and marshal assets for the benefit of creditors. This includes pursuing any available causes of action.

24. The Foreign Representatives have retained Sequor Law, P.A. ("Sequor Law"). Sequor Law holds in its trust account in this District US$ 1,500 deposited by the Foreign Representatives on behalf of and for the benefit of the Debtor, to which funds Sequor Law has no rights of setoff, charging lien, or similar right.

**Joint Liquidators in Foreign Proceedings of the Debtor**

25. As the joint liquidators, the Foreign Representatives are authorized in the UK Proceeding to administer the liquidation of the Debtor's assets and affairs and to act as representatives of the UK Proceeding.

26. As the term is defined in 11 U.S.C. 101(23), the UK Proceeding is a "foreign proceeding" because it is a collective judicial proceeding governed by the Insolvency Act 1986, a law relating to insolvency or adjustment of debt, in which proceeding the Debtor's assets and affairs are subject to the control or supervision of the UK Court for the purpose of liquidation.

27. The Foreign Representatives' address in that capacity is:

> Attn: Nicholas Wood, Colin Diss, and Michael Leeds
> c/o Grant Thornton UK LLP
> 30 Finsbury Square
> London
> EC2A 1AG
> United Kingdom

28. For purposes of this proceeding, the Foreign Representatives request that any correspondence be sent, in addition to the address provided above, to:

> Attn: Edward H. Davis, Jr., Gregory S. Grossman, Nyana Miller, and Carolina Z. Goncalves
> Sequor Law, P.A.
> 1111 Brickell Avenue, Suite 1250
> Miami, Florida 33131

**Parties to any U.S. Litigation in which the Debtor is a Party**

29. The Foreign Representatives are not aware of any litigation pending in the United States in which the Debtor is a party.

**Entities Against Whom Provisional Relief is Being Sought Under § 1519 of the Code**

30. The Foreign Representatives are not seeking provisional relief under § 1519 of the Bankruptcy Code.

9

**Statement Identifying Foreign Proceedings With Respect to the Debtor**

31. Other than the UK Proceeding referenced hereinabove, the Foreign Representatives are not aware of any other foreign proceedings with respect to the Debtor.

[This space has been intentionally left blank.]

I, Colin Diss, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I am the court-appointed Joint Liquidator for Oceanroad Global Services Limited and that, in such capacity, I have the authority to make this Declaration; that I have read the foregoing Declaration; and that the facts and matters alleged and contained herein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to Oceanroad Global Services Limited.

Executed in London, United Kingdom on 14 June, 2021

_____
Colin Diss – as Joint Liquidator for Oceanroad Global Services Limited in the UK Proceeding

*Signature Page to Declaration of Foreign Representative in Support of Chapter 15 Petition for Recognition of Foreign Proceeding*

# EXHIBIT 1-A

Case No:
CR-2021-MAN-000214

14 Apr 2021

CR-2021-MAN-000214

**IN THE HIGH COURT OF JUSTICE**
**BUSINESS AND PROPERTY COURTS IN MANCHESTER**
**INSOLVENCY AND COMPANIES LIST (ChD)**

**BEFORE: DISTRICT JUDGE OBODAI**

**ON: 14 APRIL 2021**

**IN THE MATTER OF THE INSOLVENCY ACT 1986**
**AND IN THE MATTER OF OCEANROAD GLOBAL SERVICES LIMITED (IN LIQUIDATION)**

**BETWEEN**

**NICHOLAS STEWART WOOD, COLIN DISS, AND MICHAEL THOMAS LEEDS          APPLICANTS**
(as Joint Liquidators of Oceanroad Global Services Limited (In Liquidation))

---

**ORDER**

---

**UPON** the application of Nicholas Stewart Wood, Colin Diss, and Michael Thomas Leeds (the "**Liquidators**") as Joint Liquidators of Oceanroad Global Services Limited (In Liquidation) ("**the Company**") dated 13 April 2021, made pursuant to Section 112 of the Insolvency Act 1986 (the "**Application**")

**AND UPON** reading the First Witness Statement of Colin Diss dated 13 April 2021

**IT IS ORDERED AND DECLARED that:**

1. the Company is duly subject to creditors' voluntary liquidation pursuant to the Insolvency Act 1986;

2. the Liquidators are validly and effectively appointed as joint liquidators of the Company;

3. the Liquidators have the powers in relation to the Company set out at Schedule 4 to the Insolvency Act 1986;

4. the creditors' voluntary liquidation of the Company is a collective insolvency proceeding, pursuant to a law relating to insolvency, in which the assets and affairs of the Company are under the control of the Liquidators subject to the supervision of the High Court of Justice of England and Wales, for the purpose of liquidation;

5. the Liquidators are individuals authorised to administer the liquidation of the Company's assets and affairs and to act as the representative of the Company in creditors' voluntary liquidation; and

6. the Company's centre of main interests is located in England and Wales.

Case No:

**IN THE HIGH COURT OF JUSTICE**
**BUSINESS AND PROPERTY COURTS IN MANCHESTER**
**INSOLVENCY AND COMPANIES LIST (ChD)**

**IN THE MATTER OF THE INSOLVENCY ACT 1986**
**AND IN THE MATTER OF OCEANROAD GLOBAL SERVICES LIMITED (IN LIQUIDATION)**

**BETWEEN**

**NICHOLAS STEWART WOOD, COLIN DISS, AND MICHAEL THOMAS LEEDS**     **APPLICANTS**
(as Joint Liquidators of Oceanroad Global Services Limited (In Liquidation))

---

### ORDER

---

Service of the order
The court has provided a sealed copy of this order to the serving party:

Eversheds Sutherland (International) LLP
70 Great Bridgewater Street
Manchester
M1 5ES

REF: PARRYT/147153.000276

Tel.: 0161 831 8096
Email:
jamieleader@eversheds-sutherland.com
tomparry@eversheds-sutherland.com

**Solicitors for the Applicants**