

**ORDERED in the Southern District of Florida on August 4, 2021.**

Laurel M. Isicoff
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.: 21-16133-LMI

OCEANROAD GLOBAL SERVICES LIMITED,                        Chapter 15
HOLDWAVE TRADING LIMITED,

Debtors in a Foreign Proceeding.          *(Jointly Administered)*
_____/

### ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING OF OCEANROAD PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF

This matter came on for hearing on August 4, 2021. ("Hearing"), upon the *Verified Motion for Order of Recognition of Foreign Main Proceeding Pursuant to §§1515 and 1517 and Request for Hearing* ("Verified Motion") [ECF No. 2] of Nicholas Wood, Colin Diss and Michael Leeds ("Joint Liquidators" or "Foreign Representatives"), the joint liquidators in the creditors' voluntary liquidation ("UK Proceeding") of Oceanroad Global Services Limited ("Oceanroad" or "Debtor"), seeking recognition and related relief pursuant to Chapter 15 of the Bankruptcy Code, of the UK Proceeding subject to the control or supervision of the High Court of Justice Business and Property Courts in Manchester Insolvency and Companies List (ChD) ("UK Court").  The Court has

considered the Petition ("Petition") [ECF No. 1], the Verified Motion, the Declaration of the Foreign Representative and its respective attachment, and the arguments of counsel at the Hearing. The Court finds that:

A.      Due and timely notice of the filing of the Chapter 15 Petition, Verified Motion, and the Hearing was given by the Foreign Representatives.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

C.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E.      Nicholas Wood, Colin Diss, and Michael Leeds qualify as "foreign representatives" as defined in 11 U.S.C. §101(24).

F.      This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515, 1517.

G.      The Foreign Representatives have met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.      The UK Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.      The UK Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

J.      The UK Proceeding is pending in the UK.  The Debtor has its center of main interests in England and Wales, and, accordingly, the UK Proceeding is a foreign main proceeding, under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

K.      The Foreign Representatives are entitled to all relief provided under 11 U.S.C. § 1520(a).

L.      The Foreign Representatives are further entitled to the relief expressly set forth in 11 U.S.C. § 1521(a)(1)(2)(3)(4)(5).

M.      The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtor, or other parties that is not outweighed by the benefits of the relief being granted.

N.      The Court finds that the interests of the creditors, interested entities, the Debtor, and the Debtor's estate are sufficiently protected by the rights and obligations under the Federal Rules of Bankruptcy Procedure and/or Federal Rules of Civil Procedure governing the taking of discovery.

Accordingly, it is ORDERED AND ADJUDGED that:

1.      The UK Proceeding is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2.      The UK Proceeding and the Orders of the UK Court shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.  This includes without limitation the Order of the UK Court confirming the status of the liquidation and the Joint Liquidators' appointment in the same, which is attached to the Verified Motion.

3.      The Foreign Representatives shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

3

4.      The provisions of 11 U.S.C. § 1520(a) apply to this proceeding, including without limitation, the application of the automatic stay of 11 U.S.C. § 362 with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United States.

5.      Under 11 U.S.C §1521(a)(1), all persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations, or liabilities of any Debtor or the Debtor's bankruptcy estate located in the United States.

6.      Under 11 U.S.C § 1521(a)(2), all persons and entities are stayed from executing against the assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

7.      Under 11 U.S.C § 1521(a)(3), all persons and entities are prohibited from transferring, encumbering, or otherwise disposing of any assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

8.      All persons and entities provided notice of this Order who are in possession, custody, or control of property, or the proceeds thereof, of the Debtor or the Debtor's bankruptcy estate, located within the territorial jurisdiction of the United States, shall immediately advise Foreign Representatives by written notice sent to the following addresses:

> Attn: Nicholas Wood, Colin Diss, and Michael Leeds
> c/o Grant Thornton UK LLP
> 30 Finsbury Square
> London
> EC2A 1AG
> United Kingdom

With a copy to:

> Attn: Edward H. Davis, Jr., Gregory Grossman, Nyana Miller, and Carolina Z. Goncalves
> Sequor Law, P.A.
> 1111 Brickell Avenue, Suite 1250
> Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession, or control of such person or entity; and (iii) the full identity and contact information for such person or entity. The Foreign Representatives shall file with the Court, from time to time, information demonstrating those persons or entities to whom he has provided notice of this Order.

9.     The Foreign Representatives are authorized to examine witnesses, take evidence, or seek the delivery of information concerning the assets, affairs, rights, obligations, or liabilities of the Debtor or the Debtor's bankruptcy estate pursuant to §1521(a)(4), the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

10.     The Foreign Representatives are authorized to take discovery in connection with an asset, affair, right, obligation, or liability of the Debtor or the Debtor's bankruptcy estate that consists of a claim or chose in action, whether or not filed, or other proceeding in which the Debtor or the Debtor's bankruptcy estate is a party, notwithstanding pending proceeding doctrines, so long as the Foreign Representatives' Notice of Rule 2004 Examination and a Subpoena under Fed. R. Civ. P. 45 identifies the claim, chose in action, or proceeding to which such discovery relates. The Court may consider the framework provided by 28 U.S.C. § 1782 and authorities decided thereunder regarding discovery under this paragraph.

11.     Under 11 U.S.C § 1521(a)(5), the Foreign Representatives are entrusted with the full administration and realization of all or a part of the Debtor's bankruptcy estate and assets within the territorial jurisdiction of the United States.

12.     Other than a counterclaim to a suit brought by the Foreign Representatives, no person or entity may commence suit against the Foreign Representatives in any court, including this Court, in the United States without first obtaining leave of this Court.

13.     The Foreign Representatives are further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

14.     Notwithstanding any provision in the Bankruptcy rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a); (ii) the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Foreign Representatives are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

15.     No action taken by the Foreign Representatives in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the UK Proceeding or any order entered in or in respect of the Chapter 15 Case (including any adversary proceedings or contested matters) will be deemed to constitute a waiver of immunity afforded the Foreign Representatives, including pursuant to 11 U.S.C. §§ 306 and 1510.

16.     A copy of this Order, confirmed to be true and correct, shall be served electronically on any person or entity that has appeared in this case to date.

17.     This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case subject to the limitations set forth in 11 U.S.C. §1521(a)(7), and any request by any person or entity for relief from the provisions of this Order.

18. This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

19. The Foreign Representatives are directed to serve a true and correct copy of this Order by mail in accordance with Rule 2002(q) of the Federal Rules of Bankruptcy Procedure.

# # #

Submitted by:
Nyana Abreu Miller, Esq.
SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
nmiller@sequorlaw.com
edavis@sequorlaw.com
ggrossman@sequorlaw.com
cgoncalves@sequorlaw.com
Telephone:    (305) 372-8282
Facsimile:    (305) 372-8202

*(Attorney Nyana A. Miller shall serve a conformed copy of the foregoing order upon all interested parties and file a Certificate of Service with this Court)*