UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                                  Case No. 21-16133-LMI

OCEANROAD GLOBAL SERVICES LIMITED,                           Chapter 15
HOLDWAVE TRADING LIMITS,                                              (*Jointly Administered*)

      Debtors in a Foreign Proceeding.
_____/

## MOTION FOR PROTECTIVE ORDER

PDC Limited ("PDC"), by and through undersigned counsel, and pursuant to Section 105(a) of the Bankruptcy Code, Bankruptcy Rules 7026 and 9016 and Local Rule 7026-1(E)(2), moves the Court ("Motion"), for the entry of an Order protecting PDC from the limited disclosures sought by Nicholas Wood, Colin Diss, and Michael Leeds (the "Foreign Representatives"). In support of the relief requested, PDC respectfully states as follows:

### Introduction

For the avoidance of doubt, PDC does not object to the Foreign Representatives obtaining the information it seeks from various financial institutions. Rather, PDC is concerned that the temporal scope of the requests is too limited. For the reasons set forth below, PDC simply requests that, in the spirit of completeness, the Court expand the definition of "Relevant Period" contained in the subpoenas through December 31, 2015.

### Jurisdiction And Venue

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is

proper in this Court pursuant to 28 §§ 1408 and 1409. The predicate for the relief sought is Bankruptcy Rule 7026.

## Background

2. PDC is a Hong Kong company that imports, exports, and wholesales cultured or "lab grown" diamonds.

3. Over the course of several weeks from June 14, 2013 through July 4, 2013, PDC borrowed a total of US$7.35 million from Glengoyne Financial Holdings Corp. ("GFH").

4. PDC repaid the loans to GFH in several instalments in, 2015.

5. Upon information and belief, it is alleged that GFH obtained some or all of the funds indirectly from the above captioned insolvents, which, in turn, are part of a larger investigation into the dealings of Winsome Diamond and Jewellery Ltd. in civil and criminal proceedings in India, the United Arab Emirates, Hong Kong, the United Kingdom, and now, the United States.

6. The Foreign Representatives, through subpoenas issued in this Chapter 15 proceeding, [ECF Nos. 18-35], is seeking financial information related to PDC.

7. The subpoenas define "Relevant Period" as January 1, 2012 through April 30, 2014.

## Relief Requested

8. PDC seeks the entry of an Order by this Court modifying the definition of "Relevant Period" in the subpoenas to encompass a broader date range and ensure that the Foreign Representatives gather a complete record.

## Basis for Relief Requested

9. The Bankruptcy Rules provide certain protections to parties from whom unduly burdensome or oppressive discovery is sought. Bankruptcy Rule 7026(c) provides that "a party or any person from whom discovery is sought may move for a protective order" and that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Bankruptcy Rules expressly provide that the Court has the authority to forbid discovery entirely, or to modify or limit the discovery as may be appropriate. *See Bankruptcy* Rule 7026(c). The Bankruptcy Court has broad discretion in determining what constitutes "good cause" warranting the entry of a protective order. *See Rohrbough v. Harris,* 549 F.3d 1313, 1322 (10th Cir. 2008) (the good cause standard is highly flexible, having been designed to accommodate all relevant interests); *see also Farnsworth v. Proctor & Gamble Co.,* 758 F.2d 1545, 1548 (11th Cir. 1985) (noting that federal courts have discretionary power to enter protective orders in accordance with Rule 26(c)).

10. Good cause exists under the circumstances to modify the discovery requested by the Foreign Representatives.

11. Again, PDC does not object to the Foreign Representatives obtaining the information sought in the subpoenas.

12. PDC has, in fact, attempted to provide such evidence and an explanation of these transactions to authorities in both Hong Kong and India and believes that the Foreign Representatives may already have such information.

13. Rather, the subpoenas include a restrictive definition of "Relevant Period" that does not capture all of the relevant financial transactions between PDC and GFH; namely, the repayment of the GFH loans by PDC.

14. PDC's sole concern is that the record is complete and that the Foreign Representatives obtain all of the relevant information; not just a select portion of the business records related to PDC.

15. Therefore, good cause having been demonstrated, PDC specifically requests that the Court enter an Order modifying the temporal scope of the requests (as they relate to PDC) to include the time period through December 31, 2015.

## Good Faith Attempt to Resolve These Matters

16. Given the short return date on the subpoenas and the timing of undersigned's retention, counsel was unable to resolve the issues that are the subject of this Motion, pursuant to Local Rule 7026-1, with counsel for the Foreign Representatives. However, counsel believes that given the limited nature of the relief sought herein, the parties should be able to work through the issues raised and submit a proposed agreed order in due course.

WHEREFORE, PDC respectfully requests that the Court enter an Order (i) granting this Motion, (ii) modifying the definition of "Relevant Period" in the subpoenas (as it relates to PDC) through December 31, 2015, and (iii) granting such further and other relief as is just and appropriate under the circumstances.

Dated:  September 27, 2021.

>Respectfully submitted,
>
>*/s/ Eric J. Silver*
>Eric J. Silver, Esq.
>Florida Bar Number 057262
>STEARNS WEAVER MILLER
>  WEISSLER ALHADEFF & SITTERSON, P.A.
>Museum Tower, Suite 2200
>150 West Flagler Street
>Miami, Florida 33130
>Telephone: (305) 789-3200
>Facsimile:  (305) 789-3395
>esilver@stearnsweaver.com
>*Counsel for PDC Limited*
>
>*/s/ Drew M. Dillworth*
>Drew M. Dillworth, Esq.
>Florida Bar Number 167835
>STEARNS WEAVER MILLER
>  WEISSLER ALHADEFF & SITTERSON, P.A.
>Museum Tower, Suite 2200
>150 West Flagler Street
>Miami, Florida 33130
>Telephone: (305) 789-3200
>Facsimile:  (305) 789-3395
>ddillworth@stearnsweaver.com
>*Counsel for PDC Limited*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on September 27, 2021, the foregoing document is being filed with the Clerk of Court electronically via the Court's CM/ECF website. I further certify that the document is being furnished as the document is entered on the docket, by Notice of Electronic Filing ("NEF") transmitted by the CM/ECF program to those parties registered to receive NEF in this case.

                                              */s/ Eric J. Silver*
                                                 Eric J. Silver, Esq.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

#9867333 v1