UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                              Case No.: 21-16133-LMI

OCEANROAD GLOBAL SERVICES LIMITED,                  Chapter 15
HOLDWAVE TRADING LIMITED,

    Debtors in a Foreign Proceeding.                *(Jointly Administered)*
_____/

## NOTICE OF RULE 2004 EXAMINATION
*(Documents only)*

    Nicholas Wood, Colin Diss, and Michael Leeds, the joint liquidators ("Foreign Representatives") will examine **Microsoft Corporation** under oath on **January 5, 2022, no later than 5:00 p.m.** The examination may continue from day to day until completed. If the examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time.

    The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be recorded by this method: Production of documents only – no testimony is required at this time. The scope of the examination shall be as described in Bankruptcy Rule 2004.

    Pursuant to Local Rule 2004-1 no order shall be necessary. If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.

    ☒   Production: The examinee or your representatives, must also bring with you to the examination the documents, electronically stored information, or objects described on the attached schedule (or if the examination is of a witness other than the debtor, on the attached subpoena), and must permit inspection, copying, testing, or sampling of the materials.

    Dated: December 17, 2021                      Respectfully Submitted,

                                          **SEQUOR LAW, P.A.**
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

By:    /s/ *Carolina Z. Goncalves*
       Nyana Abreu Miller, FBN 092903
       nmiller@sequorlaw.com
       Carolina Z. Goncalves, FBN 124570
       cgoncalves@sequorlaw.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular U.S. mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on December 17, 2021.

                                          */s/ Carolina Z. Goncalves*
                                          Carolina Z. Goncalves

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive email notice/service for this case.

- Nyana Abreu Miller, Esq. nmiller@sequorlaw.com; msanchez@sequorlaw.com
- Carolina Z. Goncalves, Esq. cgoncalves@sequorlaw.com; msanchez@sequorlaw.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Eric J Silver, Esq. esilver@stearnsweaver.com
- Drew M. Dillworth, Esq. ddillworth@stearnsweaver.com

**Manual Notice List**

- (No manual recipients)

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

| | |
|---|---|
| In re:<br><br>OCEANROAD GLOBAL SERVICES LIMITED, HOLDWAVE TRADING LIMITED,<br><br>Debtors in a Foreign Proceeding.<br>_____/ | Case No.: 21-16133-LMI<br><br>Chapter 15<br><br>*(Jointly Administered)* |

## SUBPOENA FOR RULE 2004 EXAMINATION
(*Documents only*)

To: **Microsoft Corporation**
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| **PLACE**: *In light of the COVID-19 pandemic, we encourage you to produce responsive documents via e-mail. If you do not wish to do so, please contact the issuer of this subpoena to arrange for an alternate means of delivery.* | **DATE AND TIME**<br><br>January 5, 2022, no later than 5:00 p.m. |
|---|---|

The examination will be recorded by this method: Documents only, no testimony will be taken at this time.

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Schedule I attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 17, 2021

CLERK OF COURT

_____  OR   */s/Carolina Z. Goncalves*
Signature of Clerk or Deputy Clerk       Carolina Z. Goncalves

The name, address, email address, and telephone number of the attorney Nicholas Wood, Colin Diss, and Michael Leeds ("Foreign Representatives"), who issue or request this subpoena, are: Nyana Abreu Miller (nmiller@sequorlaw.com; jleon@sequorlaw.com); Carolina Z. Goncalves (cgoncalves@sequorlaw.com) 1111 Brickell Ave, Suite 1250, Miami, FL 33131; (305) 372-8282.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): _____
on (date) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

LF-84 (rev. 12/01/15)

# SCHEDULE 1

# DEFINITIONS

As used in this request, the following words shall have the following meanings:

1. "You" and/or "Your" means the entity to which this subpoena is directed.

2. "Document" shall have the same meaning and scope as "documents or electronically stored information" within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A).

3. The terms "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request for production inclusive rather than exclusive.

4. The term "any" means "all" and vice versa.

5. The term "including" means including but not limited to.

6. The singular shall be construed to include the plural, and vice versa, to make the Request inclusive rather than exclusive.

7. "Related to" or "relating to" means constitute, regarding, refer to, reflect, mention, evidence, concern, pertain to, arise out of, summarize, analyze, or be logically or factually connected in any way with the matter discussed.

8. "Relevant Period" refers to the period of time between December 1, 2011 and Your response to this Request. **Unless otherwise stated, all Requests refer only to the Relevant Period.**

## GENERAL PROVISIONS

1.      **This is a non-content Subpoena.** You are required to produce all documents responsive to the Subpoena, provided that the documents do not disclose any emails or the contents thereof.

2.      Any document in Your possession or the possession of any individual or corporation over which You have custody or control, including, but not limited to, Your predecessor in interest, agents, corporations, employees and attorneys is deemed to be within Your possession, custody or control. You have the affirmative duty to contact any third party, including the foregoing, that is within Your custody or control if such third party has documentation responsive to this Subpoena. See Sergeeva v. Tripleton Int'l Ltd., 834 F.3d 1194, 1201 (11th Cir. 2016) (citing SeaRock v. Stripling, 736 F.2d 650, 653–54 (11th Cir. 1984)).

3.      Each request shall be interpreted and construed to include any and all attachments and subparts that are referenced, linked to or included in a responsive document.

4.      In the event You claim that any document requested is unavailable, lost, misplaced, or destroyed, state the following:

> a. the date You believe such document became unavailable, lost, misplaced, or destroyed; and

> b. the reason why such document became misplaced, lost, or destroyed.

5.      If you seek to withhold any document or category of documents on the basis of a claim of privilege, an objection, or a motion seeking protective order or modification of the subpoena, then you are instructed to produce any documents or categories of documents for which protection is not expressly sought.

6.      In the event that You seek to withhold any document on the basis that it is covered by privilege, please provide the following information:

> a. The name of each author, writer, sender, or initiator of such document or thing, if any;

> b. The name of each recipient, addressee or party for whom such document or thing was intended, if any;

> c. The date of such document, if any, or an estimate thereof so indicated if no date appears on the document;

> d. The general subject matter as described in such document, or, if no such description appears, then such other description sufficient to identify said document; and

    e. The claimed grounds for withholding the document, including, but not limited to the nature of any claimed privilege and grounds in support thereof.

  7. If production of documents or other items required by this Subpoena would be, in whole or in part, unduly burdensome, or if the response to an individual request for production may be aided by clarification of the request, contact the issuer of this Subpoena, to discuss possible amendments or modifications of the Request immediately upon receipt of same. In any event, you have a duty to search for and produce those documents for which production would not be unduly burdensome.

  8. Documents maintained in electronic form <u>must be produced in their native electronic form with all metadata intact</u>. Data must be produced in the data format in which it is typically used and maintained. For electronic mail systems using Microsoft Outlook or LotusNotes, provide all responsive emails and, if applicable, email attachments and any related documents, in their native file format (i.e., .pst for outlook personal folder, .nsf for LotusNotes). For all other email systems provide all responsive emails and if applicable, email attachments and any related documents in TIFF format.

    a. To the extent any electronically stored information, if produced in its native format, would be difficult or impossible to review because it would require proprietary or legacy software, said electronically stored information should be provided in Image (near-paper) format (i.e., .TIFF, or .PDF files) with a corresponding load file utilizing valid field delimiters and text qualifiers containing metadata and optical character recognition (OCR) extracted text for said electronically stored information named with the document identification (DocID) of its corresponding file.

    b. To the extent any electronically stored information is a password protected native file, the password for the native file should be provided as metadata in a text file named with the document identification (DocID) of the corresponding password protected native file.

  9. To the extent that no single document exists or is in your possession, custody, or control that contains all the information sought in any particular request, you are to provide such other documents in your possession, custody or control that are sufficient to show, compute, compile, or explain all the information sought in the request or as much information as is available.

  10. These requests shall be deemed continuing so as to require you to reasonably supplement your responsive production if you gain knowledge that your response was incomplete.

**DOCUMENT REQUESTS**

1. All Hotmail, Microsoft, and Outlook account information provided, recorded, and/or registered during registration and subsequent access for subscriber "sjam1101@hotmail.com", including:
    a. Subscriber's first and last name, gender, and date of birth;
    b. Subscriber's address;
    c. Subscriber's phone number, including recovery phone number;
    d. Subscriber's alternate or linked e-mail account(s), including recovery e-mail account(s);
    e. Subscriber's geographical location (country);
    f. Recorded account creation, suspension, deactivation, restoration, and deletion date(s) and times (indicating time zone);
    g. Recorded IP addresses and associated date and time stamps (specify time zone) during account creation, suspension, deactivation, restoration, and deletion sessions;
    h. Recorded geographic coordinates during account creation, suspension, deactivation, restoration, and deletion sessions by GPS enabled devices;
    i. Recorded account IP addresses, geographic coordinates, connection times and dates (indicating time zone) for all non-registration related connections;
    j. Current subscriber account status (free or paid);
    k. If "paid" subscriber account, subscriber's payment method information, including name and billing address affiliated with payment method;
    l. If e-mail forwarding is currently enabled, the e-mail account(s) to which e-mails are being forwarded;
    m. Current size of e-mail mailbox in MBs;
    n. All of the information contained in Request 1(a)-(m) for any aliases created for this address; and
    o. Any registration information captured and not requested in Request 1(a)-(m).

2. All Microsoft Office account and access information associated with subscriber "sjam1101@hotmail.com", including:
    a. Account creation and deactivation times (indicating time zone);
    b. Current subscriber account status (free or paid);
    c. If "paid" subscriber account, subscriber's payment method information, including name and billing address affiliated with payment method;
    d. Recorded account IP addresses, geographic coordinates, connection dates and times (indicating time zone) for all Microsoft Office connections; and
    e. Any registration information captured and not requested in Request 2(a)-(d).

3. User connection logs for subscriber e-mail account "sjam1101@hotmail.com" containing the following information:
    a. Recorded IP addresses, date and time (specify time zone) at time of mailbox authentication from all sources, e.g., HTTP/HTTPS via public browser, IMAP, etc.;
    b. Recorded IP addresses, date and time (indicating time zone) at time of mailbox activity other than authentication; and

7

   c. Recorded geographic coordinates during account creation, suspension, restoration, and deletion sessions by GPS enabled devices.

  4. All OneDrive access information associated with subscriber "sjam1101@hotmail.com", including:
   a. Recorded account IP addresses, geographic coordinates, and connection dates and times (indicating time zone) for all connections;
   b. Names and number of stored documents; and
   c. Document upload activity log.

  5. All Bing access information associated with subscriber "sjam1101@hotmail.com", including:
   a. Recorded device information such as hardware model, operating system version, unique device identifiers, mobile network information, and phone number; and
   b. Recorded account IP addresses, geographic coordinates, and connection dates and times (indicating time zone) for all connections.

  6. All Microsoft Teams account and access information associated with subscriber "sjam1101@hotmail.com", including:
   a. Account creation and deactivation times (indicating time zone);
   b. Recorded account IP addresses, geographic coordinates, and connection dates and times (indicating time zone) for all Microsoft Teams connections;
   c. Inbound/outbound call history, including counterparty information and call duration times;
   d. If "paid" subscriber account, subscriber's payment method information, including name and billing address affiliated with payment method; and
   e. Any registration information captured and not requested in Request 6(a)-(d).

  7. Customer support logs or notes relating to subscriber "sjam1101@hotmail.com", including recorded IP addresses, geographic coordinates, and connection dates and times (indicating time zone).