UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 21-16133-LMI |
| OCEANROAD GLOBAL SERVICES LIMITED, HOLDWAVE TRADING LIMITED, | Chapter 15 |
| Debtors in a Foreign Proceeding. _____/ | *(Jointly Administered)* |

**THIRD NOTICE OF EXAMINATION PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND THIRD NOTICE OF SUBPOENA**
*(Documents Only)*

Nicholas Wood, Colin Diss, and Michael Leeds, the joint liquidators ("Foreign Representatives"), by the undersigned attorney, requests that **The Clearing House Payments Company, LLC,** produce documents as detailed in the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case Examination included with this Notice, attached hereto and incorporated herein, no later than **Friday, March 18, 2022,** at **Veritext New York City, 1250 Broadway Suite 2400, New York, New York 10001** or if produced by electronic mail to cgoncalves@sequorlaw.com; jleon@sequorlaw.com.

The request for production of documents is pursuant to Rule 2004, Federal Rules of Bankruptcy Procedure, and Local Rule 2004-1. Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Florida. The scope of the request is as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order shall be necessary.

Respectfully submitted,

SEQUOR LAW, P.A.

>                                        SEQUOR LAW, P.A.
>                                        1111 Brickell Avenue, Suite 1250
>                                        Miami, Florida 33131
>                                        nmiller@sequorlaw.com
>                                        cgoncalves@sequorlaw.com
>                                        Telephone:    (305) 372-8282
>                                        Facsimile:    (305) 372-8202
>
> By:    */s/ Carolina Z. Goncalves*
>        Nyana Abreu Miller, Esq.
>        Fla. Bar No.: 92903
>        Carolina Z. Goncalves, Esq.
>        Fla. Bar No.: 124570

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on March 1, 2022.

> By:    */s/ Carolina Z. Goncalves*
>        Carolina Z. Goncalves, Esq.

## **SERVICE LIST**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Nyana Abreu Miller, Esq. nmiller@sequorlaw.com; msanchez@sequorlaw.com
- Carolina Z. Goncalves, Esq. cgoncalves@sequorlaw.com; msanchez@sequorlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Eric J Silver, Esq. esilver@stearnsweaver.com
- Drew M. Dillworth, Esq. ddillworth@stearnsweaver.com

**Manual Notice List**

- (No manual recipients)

2

SEQUOR LAW, P.A.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 21-16133-LMI |
| OCEANROAD GLOBAL SERVICES LIMITED, HOLDWAVE TRADING LIMITED, | Chapter 15 |
| Debtors in a Foreign Proceeding. _____/ | *(Jointly Administered)* |

**THIRD SUBPOENA FOR RULE 2004 EXAMINATION**
*(Documents Only; No Oral Examination Will Occur)*

**To:** **THE CLEARING HOUSE PAYMENTS COMPANY, LLC**
**1250 Broadway Suite 2400**
**New York, New York 10001**

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *See attached* **SCHEDULE I**.

| PLACE OF TESTIMONY **(If not produced electronically)** **Veritext New York City** 1250 Broadway Suite 2400 New York, New York 10001 | DATE AND TIME **Friday, March 18, 2022, or as soon as such documents are available.** |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 1, 2022

*/s/ Carolina Z. Goncalves*
Carolina Z. Goncalves, attorney for Foreign Representatives
1111 Brickell Avenue, Suite 1250, Miami Florida 33131
cgoncalves@sequorlaw.com; jleon@seqourlaw.com
Tel. (305)372-8282

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
_____

on *(date)* _____.

☐    I served the subpoena by delivering a copy to the named person as follows: _____
_____

_____
_____  on (*date*) _____ ; or

☐  I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

My fees are $ _____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                        _____
                                                                   *Server's signature*

*Printed name and title*
                                                                     _____

                                                                     *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For access to subpoena materials,** see Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them

# SCHEDULE I

## INSTRUCTIONS

1.      Each person or entity listed in Table A shall be deemed to include any name of similar variation, including the names in the "also known as" column. Accordingly, a request for Documents involving a person or entity listed in Table A shall also encompass any person or entity similarly named or included in the "also known as" column.

2.       "Relevant Period" refers to the period of time from January 1, 2011 through December 31, 2016.

## DOCUMENT REQUESTS

For the Relevant Period,

1.      Excel spreadsheet(s) containing the following:

a.      all CHIPS payment messages including any person or entity listed in Table A, below, irrespective of whether such person or entity is originating or receiving such payment; and

b.      to the extent not included in Document Request 1(a), all payment messages including any person or entity listed in Table A, below, which messages were translated, converted, or mapped over from SWIFT, Fedwire, or any other electronic funds transfer messaging system.

| TABLE A | |
|---|---|
| *Entities* | *Also Known As* |
| PDC Limited | PDC Ltd. |
| Marengo Investment Group Ltd | Marengo Investment Group Ltd<br>Marengo Investment Group Limited<br>Marengo Investment Group<br>Morengo Investment Group Ltd<br>Morengo Investment Group Limited<br>Morengo Investment Group |
| Joint Ford Limited | Joint Ford Limited<br>Joint Ford Ltd |
| Al Noora Jewellery FZE | Al Noora Jewellery FZE<br>Al Noora Jewellery<br>Al Noora FZE |
| Power Capital Ventures Limited | Power Capital Ventures Limited<br>Power Capital Ventures Ltd<br>Power Capital Ventures |

| | |
|---|---|
| Incendio Global Limited | Incendio Global |
| | Incendio Global Ltd |
| | Incendio Limited |
| | Incendio Ltd |
| | Incendio Global BVI Limited |
| | Incendio Global BVI Ltd |
| | Incendio Global BVI |
| | Incendio Global Bahamas Limited |
| | Incendio Global Bahamas Ltd |
| | Incendio Global Bahamas |
| Alma Diamonds Co. (HK) Ltd<br><br>Formerly known as Su-Raj Diamond (H.K.) Ltd | Alma Diamonds Co. (HK) Ltd |
| | Alma Diamonds Co. (HK) Limited |
| | Alma Diamonds Co (HK) Ltd |
| | Alma Diamonds Co (HK) Limited |
| | Alma Diamonds Co (H.K.) Ltd |
| | Alma Diamonds Co (H.K.) Limited |
| | Alma Diamonds Co. (Hong Kong) Ltd |
| | Alma Diamonds Co. (Hong Kong) Limited |
| | Alma Diamonds Co. HK Ltd |
| | Alma Diamonds Co. HK Limited |
| | Alma Diamonds Co. H.K. Ltd |
| | Alma Diamonds Co. H.K. Limited |
| | Alma Diamonds Co Ltd |
| | Alma Diamonds Co Limited |
| | Alma Diamonds |
| | Alma Diamonds Ltd |
| | Su-Raj Diamond (H.K.) Ltd |
| | Su-Raj Diamond (H.K.) Limited |
| | Su-Raj Diamonds (H.K.) Ltd |
| | Su-Raj Diamonds (HK) Ltd |
| | Su-Raj Diamonds (HK) Limited |
| | Su-Raj Diamonds Limited |
| | Su-Raj Diamonds Ltd |
| Glengoyne Financial Holdings Corp. | Glengoyne Financial Holdings Corporation |
| | Glengoyne Financial Corporation |
| | Glengoyne Holdings Corporation |
| | Glengoyne Corporation |
| | Glengoyne Financial Corp. |
| | Glengoyne Holdings Corp. |
| | Glengoyne Corp. |
| | Glengoyne Financial Holdings |
| | Glengoyne Financial |
| | Glengoyne Holdings |
| | Glengoyne |
| | Gleneoyne Financial Holdings Corp. |
| | Gleneoyne Financial Holdings Corporation |
| | Gleneoyne Financial Corporation |

2

|  | Gleneoyne Holdings Corporation<br>Gleneoyne Corporation<br>Gleneoyne Financial Corp.<br>Gleneoyne Holdings Corp.<br>Gleneoyne Corp.<br>Gleneoyne Financial Holdings<br>Gleneoyne Financial<br>Gleneoyne Holdings<br>Gleneoyne |
|---|---|
| Global Growth Fund | Global Growth Fund Limited<br>Global Growth Fund Ltd<br>Global Growth Fund |
| Pinnacle Investment Funds SPC Limited<br><br>A/k/a New Age Growth Fund Limited | Pinnacle Investment Funds SPC Limited<br>Pinnacle Investment Funds SPC Ltd<br>Pinnacle Investment Funds SPC<br>Pinnacle Investment Funds<br>Pinnacle Investment Fund SPC Limited<br>Pinnacle Investment Fund SPC Ltd<br>Pinnacle Investment Fund SPC<br>Pinnacle Investment Fund<br>New Age Growth Fund Limited<br>New Age Growth Fund Ltd<br>New Age Growth Fund |
| Emerging Growth Fund Ltd | Emerging Growth Fund Ltd<br>Emerging Growth Fund Limited<br>Emerging Growth Fund<br>Emerging Fund Ltd<br>Emerging Fund Limited<br>Emerging Fund<br>Emerging Growth Ltd<br>Emerging Growth Limited<br>Emerging Growth |
| Kilchoman Trading S.A. | Kilchoman Trading S.A.<br>Kilchoman Trading SA<br>Kilchoman Trading<br>Kilchoman S.A. |
| Asgaard Enterprises Retirement Fund | Asgaard Enterprises Retirement<br>Asgaard Enterprises Fund<br>Asgaard Retirement Fund<br>Asgaard Enterprises<br>Asgaard Retirement<br>Asgaard Ent. Retirement<br>Asgaard Ent. Fund<br>Asgaard Ent.<br>Asgaard Fund<br>Asgaard Enterprise Retirement Fund - Sub Fund 1<br>Asgaard Sub Fund 1<br>Asgaard Enterprise Retirement Fund - Sub |

3

| | Fund 2<br>Asgaard Sub Fund 2<br>Asgaard Enterprise Retirement Fund - Sub Fund 7<br>Asgaard Sub Fund 7 |
|---|---|
| Spring Field Group Limited B.V.<br><br>Formerly known as JRD International Limited | Spring Field Group Limited B.V.<br>Spring Field Group Limited BV<br>Spring Field Group Limited<br>Spring Field Group<br>Spring Field Limited<br>Spring Field Ltd<br>Springfield Limited<br>Springfield Ltd<br>Springfield Group Limited B.V.<br>Springfield Group Limited<br>Springfield Group<br>JRD International Limited<br>JRD International Ltd<br>JRD International<br>JRD International Limited B.V. |
| Frost & Sullivan Limited[1] | Frost and Sullivan Limited<br>Frost and Sullivan Ltd<br>Frost and Sullivan<br>Frost & Sullivan Ltd<br>Frost & Sullivan |
| Polishing Technologies Pte Limited | Polishing Technologies Pte Ltd<br>Polishing Technologies Pte<br>Polishing Tech Pte Limited<br>Polishing Tech Pte Ltd<br>Polishing Tech Pte<br>Polishing Technologies<br>Polishing Technologies Limited<br>Polishing Technologies Ltd<br>Polishing Tech Limited<br>Polishing Tech Ltd<br>Polishing Techn |
| MP Global Advisors Limited | MP Global<br>MP Global Advisors<br>MP Advisors<br>MP Global Advisors Ltd |
| Jervois Pearl Private Limited | Jervois Pearl<br>Jervois Pearl Private<br>Jervois Pearl Pte<br>Jervois Pearl Private Ltd |

---

[1] With regard to Frost & Sullivan Limited, the information sought pertains only as to transactions between Frost & Sullivan Limited and the other entities listed in this subpoena.

4

| | |
|---|---|
| GTP Consulting Ltd / GTPC Limited | GTP Consulting Limited<br>GTP Consulting<br>GTPC Ltd<br>GTPC |
| Iron Gate Property Limited | Iron Gate Property Limited<br>IronGate Property<br>IronGate Property Ltd<br>Iron Gate Property<br>Iron Gate Property Ltd<br>Iron Gate Ltd |
| Sungate Oriental Limited | Sungate Oriental<br>Sungate Oriental Ltd<br>Sungate Oriental Limited<br>Sungate Oriental |
| Helios International PTE Ltd | Helios International<br>Helios International Private Limited |
| Nozomi Technology Inc | Nozomi Technology<br>Nozomi Inc |
| Hampton Park Investments Limited | Hampton Park Investments Ltd<br>Hampton Park |
| Caradas Global Limited | Caradas Global Ltd<br>Caradas Ltd<br>Caradas Global |
| IIA Holdings Group Limited<br><br>Formerly known as Century Springs Overseas Limited | IIA Holdings Group Ltd<br>IIA Holdings Ltd<br>11A Holdings<br>Century Springs Overseas Limited<br>Century Springs Overseas<br>Century Springs Overseas Ltd |
| IIA Technologies Pte Ltd<br><br>Formerly known as The Gemesis Company (S) Pte Ltd | IIA Technologies Ltd<br>IIA Technologies<br>11A Technologies<br>11A Technologies Pte Ltd<br>2A Technologies<br>Gemesis Company (S) Pte<br>Gemesis Company Pte<br>Gemesis Company Pte Ltd |
| IIA Technologies Sdn Bhd<br><br>Formerly known as Gemesis Malaysia Sdn Bhd | IIA Technologies<br>11A Technologies<br>11A Technologies Sdn Bhd<br>2a Technologies<br>Gemesis Malaysia Sdn Bhd<br>Gemesis Malaysia |

5

| | |
|---|---|
| Pure Grown Diamonds Inc<br><br>Formerly known as Gemesis Inc and Gemesis Company | Pure Grown Diamonds<br>Pure Grown<br>Gemesis Inc<br>Gemesis Company |
| Gemesis Diamond Company | Gemesis Diamonds |
| Al Nabeeha Jewellery FZE | Al Nabeeha |
| Eco Diamonds FZE<br><br>Formerly known as PDC International FZE | Eco Diamonds<br>PDC International |
| Account ending in 144[2] | |

---

[2] The Foreign Representatives will provide you with the full account number to facilitate your search for responsive records.