UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 21-16133-LMI |
| OCEANROAD GLOBAL SERVICES LIMITED, HOLDWAVE TRADING LIMITED, | Chapter 15 |
| Debtors in a Foreign Proceeding. _____/ | *(Jointly Administered)* |

**FIFTH NOTICE OF EXAMINATION PURSUANT TO FEDERAL RULE
OF BANKRUPTCY PROCEDURE 2004 AND FIFTH NOTICE OF SUBPOENA**
*DOCUMENTS ONLY*

Nicholas Wood, Colin Diss, and Michael Leeds, the joint liquidators ("Foreign Representatives"), by the undersigned attorney, request that **The Clearing House Payments Company, LLC,** produce documents as detailed in the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case Examination included with this Notice, attached hereto and incorporated herein, no later than **Wednesday, August 31, 2022** at **Veritext New York City, 1250 Broadway Suite 2400, New York, New York 10001**, or if produced by electronic mail to nmiller@sequorlaw.com; svaldes@sequorlaw.com; mcohen@sequorlaw.com.

This request for production of documents is pursuant to Rule 2004, Federal Rules of Bankruptcy Procedure, and Local Rule 2004-1, Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Florida. The scope of the request is as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order shall be necessary.

Dated: August 11, 2022

SEQUOR LAW, P.A.

             Respectfully submitted,

             SEQUOR LAW, P.A.
             1111 Brickell Avenue, Suite 1250
             Miami, Florida 33131
             nmiller@sequorlaw.com
             svaldes@sequorlaw.com
             Telephone: (305) 372-8282
             Facsimile: (305) 372-8202

       By: */s/ Nyana Abreu Miller*
             Nyana Abreu Miller, Esq.
             Fla. Bar No.: 92903
             Steven Valdes, Esq.
             Fla Bar No.: 1019000

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on August 11, 2022.

       By: */s/ Nyana Abreu Miller*
             Nyana Abreu Miller, Esq.

## **SERVICE LIST**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Nyana Abreu Miller, Esq. nmiller@sequorlaw.com; svaldes@sequorlaw.com; mcohen@sequorlaw.com; arodriguez@sequorlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

**Manual Notice List**
- (No manual recipients)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                    Case No.: 21-16133-LMI

OCEANROAD GLOBAL SERVICES LIMITED,                Chapter 15
HOLDWAVE TRADING LIMITED,

      Debtors in a Foreign Proceeding.                    *(Jointly Administered)*
_____/

**FIFTH SUBPOENA FOR RULE 2004 EXAMINATION**
*(Documents Only)*

To:            **THE CLEARING HOUSE PAYMENTS COMPANY, LLC**
By Serving:  1250 Broadway Suite 2400
                  New York, New York 10001

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE: (If not produced electronically) **Veritext New York City** 1250 Broadway Suite 2400 New York, New York 10001 | DATE AND TIME August 31, 2022, no later than 5:00 p.m. |
|---|---|

The examination will be recorded by this method: <u>Documents only, no testimony will be taken at this time.</u>

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination): **See Schedule I attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>August 11, 2022</u>

        *CLERK OF COURT*

    _____    OR    <u>*/s/ Nyana A. Miller*</u>
    Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, email address, and telephone number of the attorneys representing Nicholas Wood, Colin Diss, and Michael Leeds ("Foreign Representatives"), who issue or request this subpoena, are: Nyana Abreu Miller (nmiller@sequorlaw.com; mcohen@sequorlaw.com); Steven Valdes (svaldes@sequorlaw.com); 1111 Brickell Avenue, Suite 1250, Miami, FL 33131; Tel. (305) 372-8282.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____ on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE I

## INSTRUCTIONS

1. Each person or entity listed in Table A shall be deemed to include any name of similar variation, including the names in the "also known as" column. Accordingly, a request for Documents involving a person or entity listed in Table A shall also encompass any person or entity similarly named or included in the "also known as" column.

2. "Relevant Period" refers to the period of time from December 31, 2016 to Present.

## DOCUMENT REQUESTS

For the Relevant Period,

1. Excel spreadsheet(s) containing the following:

a. all CHIPS payment messages including any person or entity listed in Table A, below, irrespective of whether such person or entity is originating or receiving such payment; and

b. to the extent not included in Document Request 1(a), all payment messages including any person or entity listed in Table A, below, which messages were translated, converted, or mapped over from SWIFT, Fedwire, or any other electronic funds transfer messaging system.

| TABLE A | |
|---|---|
| *Entities* | *Also Known As* |
| Marengo Investment Group Ltd | Marengo Investment Group<br>Marengo Invest Group<br>Marengo Inv<br>Morengo Investment Group<br>Morengo Invest Gr<br>Morengo Inv |
| Joint Ford Limited | Joint Ford<br>Joint Ford |
| Incendio Global Limited | Incendio Global<br>Incendio Limited<br>Incendio Ltd<br>Incendio Global BVI<br>Incendio Global Bahamas |

| | |
|---|---|
| PDC Limited | PDC Ltd<br>PDC Limited |
| Glengoyne Financial Holdings Corp. | Glengoyne Financial Holdings<br>Glengoyne Financial<br>Glengoyne Holdings<br>Glengoyne<br>Gleneoyne Financial Holdings<br>Gleneoyne Financial<br>Gleneoyne Holdings<br>Gleneoyne |
| New Age Growth Fund SPC Ltd | New Age Growth Fund |
| Emerging Growth Fund Ltd | Emerging Growth Fund<br>Emerging Fund<br>Emerging Growth |
| Spring Field Group Limited B.V.<br><br>Formerly known as JRD International Limited | Spring Field Group<br>Spring Field Limited<br>Spring Field Ltd<br>Springfield Limited<br>Springfield Ltd<br>Springfield Group<br>JRD International |
| Polishing Technologies Pte Limited | Polishing Technologies<br>Polishing Techn |
| GTP Consulting Ltd / GTPC Limited | GTP Consulting<br>GTPC |
| Iron Gate Property Limited | IronGate Property<br><br>Iron Gate Property |
| Sungate Oriental Limited | Sungate Oriental<br><br>Sun gate Oriental |
| Helios International PTE Ltd | Helios International<br>Helios Int<br><br>Helios Intl |

| | |
|---|---|
| Nozomi Technology Inc. | Nozomi Technology<br><br>Nozomi |
| Hampton Park Investments Limited | Hampton Park |
| Alma Diamonds Co. (HK) Ltd<br>Formerly known as Su-Raj Diamond (H.K.) Ltd | Alma Diamonds<br>Su-Raj Diamonds |
| Al Noora Jewellery FZE | Al Noora Jewellery<br>Al Noora FZE |
| Power Capital Ventures Limited | Power Capital Ventures |
| IIA Holdings Group Limited | IIA Holdings<br>11A Holdings |
| IIA Technologies Pte Ltd | IIA Technologies<br>11A Technologies |
| IIA Technologies Sdn Bhd | IIA Technologies<br>11A Technologies |
| Pure Grown Diamonds Inc. | Pure Grown Diamonds<br>Pure Grown |
| Gemesis Diamond Company | Gemesis Diamonds |
| Al Nabeeha Jewellery FZE,<br>also known as Eco Diamonds & Jewellery Trading LLC, PMG Project Management Services LLC and Sun Rise Project Management Services LLC | Al Nabeeha<br><br>PMG Project Management<br><br>Sun Rise Project Management |
| Eco Diamonds FZE | Eco Diamonds |
| Caradas Global Limited | Caradas Ltd |

|  | Caradas Global |
|---|---|
| Al Mufied Jewellery FZC | Al Mufied Jewellery<br>Al Mufied Jewelery<br>Al Mufied Jewelry<br>Al Mufied FZC<br>Al Mufied F.Z.C. |
| Italian Gold FZC | Italian Gold FZC<br>Italian Gold F.Z.C. |
| Touchstone Gold Ltd | Touchstone Gold<br>Touchstone Ltd |