UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 21-16133-LMI |
| OCEANROAD GLOBAL SERVICES LIMITED, HOLDWAVE TRADING LIMITED, | Chapter 15 |
| Debtors in a Foreign Proceeding. _____/ | *(Jointly Administered)* |

**SEVENTH NOTICE OF EXAMINATION PURSUANT TO FEDERAL RULE
OF BANKRUPTCY PROCEDURE 2004 AND SEVENTH NOTICE OF SUBPOENA
*DOCUMENTS ONLY***

Nicholas Wood, Colin Diss, and Michael Leeds, the joint liquidators ("Foreign Representatives"), by the undersigned attorney, request that **JP Morgan Chase, N.A.,** on **Monday, September 5, 2022 no later than 5:00 p.m.** at Sequor Law, attn.: Nyana Abreu Miller, 1111 Brickell Avenue, Suite 1250, Miami, FL 33131, nmiller@sequorlaw.com; svaldes@sequorlaw.com; mcohen@sequorlaw.com (if produced by mail or electronically or by hand delivery), produce all of the documents as detailed in the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case Examination included with this Notice, attached hereto and incorporated herein.

This request for production of documents is pursuant to Rule 2004, Federal Rules of Bankruptcy Procedure, and Local Rule 2004-1, Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Florida. The scope of the request is as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order shall be necessary.

Dated: August 17, 2022

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
nmiller@sequorlaw.com
svaldes@sequorlaw.com
Telephone:     (305) 372-8282
Facsimile:     (305) 372-8202

By:     */s/ Nyana Abreu Miller*
Nyana Abreu Miller, Esq.
Fla. Bar No.: 92903

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on August 17, 2022.

By:     /s/ *Nyana Abreu Miller*
Nyana Abreu Miller, Esq.

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Nyana Abreu Miller, Esq. nmiller@sequorlaw.com; mcohen@sequorlaw.com; svaldes@sequorlaw.com; arodriguez@sequorlaw.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov

**Manual Notice List**

- (No manual recipients)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                      Case No.: 21-16133-LMI

OCEANROAD GLOBAL SERVICES LIMITED,                          Chapter 15
HOLDWAVE TRADING LIMITED,

     Debtors in a Foreign Proceeding.                     *(Jointly Administered)*
_____/

## SEVENTH SUBPOENA FOR RULE 2004 EXAMINATION
### *(Documents Only)*

To:           **JPMorgan Chase Bank, N.A.**
By Serving:  CT Corporation System
              1200 South Pine Island Road
              Plantation, FL 33324

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE: (If not produced electronically)<br>    **Sequor Law**<br>    1111 Brickell Avenue, Suite 1250<br>    Miami, FL 33131 | DATE AND TIME<br><br>September 5, 2022, no later than 5:00 p.m. |
|---|---|

The examination will be recorded by this method: <u>Documents only, no testimony will be taken at this time.</u>

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination): **See Schedule I attached hereto.**

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>August 17, 2022</u>

      *CLERK OF COURT*
    _____   OR     */s/ Nyana A. Miller*
      Signature of Clerk or Deputy Clerk           Attorney's signature

The name, address, email address, and telephone number of the attorneys representing Nicholas Wood, Colin Diss, and Michael Leeds ("Foreign Representatives"), who issue or request this subpoena, are: Nyana Abreu Miller (nmiller@sequorlaw.com; mcohen@sequorlaw.com); Steven Valdes (svaldes@sequorlaw.com); 1111 Brickell Avenue, Suite 1250, Miami, FL 33131; Tel. (305) 372-8282.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____ on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/21)

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE I

## DEFINITIONS AND GENERAL PROVISIONS

As used in this request, the following words shall have the following meanings:

1.　　"You," "Your," or the "Bank" refers to the recipient of this subpoena, and, where applicable, its parent companies, affiliates, or subsidiaries acting in any capacity, including as trustee, administrative agent, or collateral agent for a Loan (as such term is defined below).

2.　　"Entity and/or Individual" and/or "Entities and/or Individuals" refer to each of the following entities or individuals and extends to any entities or individuals bearing a name of similar variation, as well as to any instance in which the Entities or Individuals are reflected as having any relation to the matters set forth in the "Document Requests":

| | |
|---|---|
| Oriental Expressions DMCC | Oriental Expressions<br>Oriental Exp |
| Al Douha Jewellery FZE | Al Douha Jewellery<br><br>Al Douha Jewelry |
| Su-Raj Diamond Industries Limited | Su-Raj Diamonds<br><br>Su-Raj Diamond |
| Millburn Finance Limited | Millburn Fin<br>Millburn Finance |
| Orion Diamond Limited | Orion Diamonds<br>Orion Diamond |
| Mabrooka Jewellery Fze | Mabrooka Jewelry<br>Mabrooka Jewellery |
| Bao Global Fund (Cy) Limited | Bao Global FD<br>Bao Global Funds<br>Bao Global Fund |
| Al Munawar Jewellery FSC | Al Munawar Jewelry<br>Al Munawar Jewellery |
| Gladstone Limited | Glad Stone<br>Gladstone |

| Cistenique Investment Fund | Cistenique Inv Fund<br>Cistenique Investment |
|---|---|
| Enterprise Emerging Markets Fund BV | Enterprise Emerging Markets Fund<br>Enterprise Emerging Market<br>Enterprise Emerging Markets FD |
| Fame Jewels Private Limited | Fame Jewel<br>Fame Jewels |
| Prestigious Trading Limited | Prestigious Trading<br>Prestigious Trd<br>Prestigious Tradings |
| Weston Blue Limited | Weston Blu<br>Weston Blue |
| Newrock Inc | Newrock<br>Newrocks |

3.      "Account" shall be construed in the broadest sense and shall include all bank and/or depository accounts at the Bank, including but not limited to savings, checking, credit card, line of credit, investment, brokerage, bond, stock or equity trading, interest bearing, money market, certificate of deposit, money market, revolving, or loan, mortgage, or any other account, whether open or closed, that is (a) held in the name of any Entity or Individual, (b) in which any Entity or Individual is a beneficiary or ultimate beneficial owner, or (c) in which one or more Entity and/or Individual is an authorized signatory.

4.      "Communication" means any exchange of words, notes, symbols, ideas, or thoughts between two or more people by any medium or method, including: hand-written; typed; e-mail; text message or via other telephone messaging service such as WhatsApp; recorded audio; voice recording; or any other medium or method capable of recording and electronically storing a Communication.

5.      "Document" shall have the same meaning and scope as "documents or electronically stored information" within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A).

6.      "Items" means any checks, wire transfers, drafts or any other document evidencing a debit or credit from or to any of the Accounts, respectively, including any document memorializing any incoming or outgoing remittances, debit and credit advices, cash deposit, or withdrawal, documentation such as SWIFT or any similar payment system, internally prepared slips or similar other paperwork, that is payable to or from any of the following or references an Entity or Individual.

7.      "Loan" or "Loans" means any account at Bank for which Bank issued a loan, letter of credit, line(s) of credit, debenture, mortgage, and/or credit of any kind to the Debtors or Debtor-Affiliated Individual on behalf of the Debtors, or guaranteed or co-signed by the Debtors or Debtor-Affiliated Individual on behalf of the Debtors, whether directly or indirectly.

8.      "Person" means natural person(s), corporation(s), association(s), partnership(s), sole proprietorship(s) or public entity(ies).

9.      "Source of Funds" shall mean the exact account that initiates a payment, including the name of the account holder, account number, bank name and bank address or routing number.

10.      The terms "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request for production inclusive rather than exclusive.

11.      The term "any" means "all" and vice versa.

12.      The term "including" means including but not limited to.

13.      The singular shall be construed to include the plural, and vice versa, to make the Request inclusive rather than exclusive.

14.      "Related to" or "relating to" means constitute, regarding, refer to, reflect, mention, evidence, concern, pertain to, arise out of, summarize, analyze, or be logically or factually connected in any way with the matter discussed.

15.      "Relevant Period" refers to the period of time from January 1, 2012 to Present. **Unless otherwise stated, all Requests refer only to the Relevant Period.**

16.      "CHIPS" shall mean the Clearing House Interbank Payment System, operated by the New York Clearing House Association.

17.      "SWIFT" shall mean the Society for Worldwide Interbank Financial Telecommunications.

18.      "Fedwire" means the Federal Reserve's funds transfer system.

19.      As payment messages may not include the exact name of the Entities or Individuals, when searching for documents responsive to Document Request Nos. 5 and 6, please include payment messages or other Documents that include entities with names substantially similar to the names listed above.

20.      To the extent applicable to any documents produced in response to this Subpoena, please provide an affidavit or certification sufficient to identify such documents as records of a regularly conducted activity of a business, organization, or calling, as described in Federal Rules of Evidence, Rule 803(6).

21.     You are requested to produce all documents that are in your possession, custody, or control, including, but not limited to, documents in the possession, custody or control of your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on your behalf.  You have the affirmative duty to contact any third party, including the foregoing, from whom you have "the legal right to obtain the documents requested upon demand." Sergeeva v. Tripleton Int'l Ltd., 834 F.3d 1194, 1201 (11th Cir. 2016) (affirming order that U.S. company produce documents in the physical possession or custody of a foreign affiliate); SeaRock v. Stripling, 736 F.2d 650, 653–54 (11th Cir. 1984).

22.     Documents maintained in electronic form must be produced in their native electronic form with all metadata intact. Data must be produced in the data format in which it is typically used and maintained. For electronic mail systems using Microsoft Outlook or LotusNotes, provide all responsive emails and, if applicable, email attachments and any related documents, in their native file format (i.e., .pst for outlook personal folder, .nsf for LotusNotes). For all other email systems provide all responsive emails and if applicable, email attachments and any related documents in TIFF format.

23.     To the extent any electronically stored information, if produced in its native format, would be difficult or impossible to review because it would require proprietary or legacy software, said electronically stored information should be provided in Image (near-paper) format (i.e., .TIFF, or .PDF files) with a corresponding load file utilizing valid field delimiters and text qualifiers containing metadata and optical character recognition (OCR) extracted text for said electronically stored information named with the document identification (DocID) of its corresponding file.

24.     To the extent any electronically stored information is a password protected native file, the password for the native file should be provided as metadata in a text file named with the document identification (DocID) of the corresponding password protected native file.

25.     The documents produced pursuant to this Subpoena for production of documents are to be segregated and identified by the number of the request to which the documents are responsive.

26.     In the event you claim that any document requested is unavailable, lost, misplaced, or destroyed, state the following:

       a.     the date you believe such document became unavailable, lost, misplaced, or destroyed; and

       b.     the reason why such document became misplaced, lost, or destroyed.

27.     In the event that you seek to withhold any document on the basis that it is covered by privilege, please provide the following information:

       a.     The name of each author, writer, sender, or initiator of such document or thing, if any;

b.  The name of each recipient, addressee or party for whom such document or thing was intended, if any;

c.  The date of such document, if any, or an estimate thereof so indicated if no date appears on the document;

d.  The general subject matter as described in such document, or, if no such description appears, then such other description sufficient to identify said document; and

e.  The claimed grounds for withholding the document, including, but not limited to the nature of any claimed privilege and grounds in support thereof.

28.   For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated, and that portion of the document not claimed to be privileged shall be produced.

29.   If production of documents or other items required by this Subpoena would be, in whole or in part, unduly burdensome, or if the response to an individual request for production may be aided by clarification of the request, contact the issuer of this Subpoena, to discuss possible amendments or modifications of the Request within five (5) days of receipt of same.

## DOCUMENTS REQUESTED

1.      For the Relevant Period, and for each Account, all of the following Documents regarding such Account:

    a.  account statements;

    b.  wire transfer, EFT, or ACH payment requests for payments in an amount greater than $500.00;

    c.  wire transfer, EFT, or ACH payment confirmations, details, or receipts for payments in an amount greater than $500.00;

    d.  cancelled checks (front and back) in an amount greater than $500.00;

    e.  deposit slips or receipts for any amount greater than $500.00;

    f.  records reflecting the receipt or delivery of securities;

    g.  applications for credit, including documentation attached to or provided in connection therewith;

    h.  credit reports;

    i.  signature cards; and

    j.  account opening Documents, including, without limitation, Know Your Customer Documents.

2.      All Documents pertaining to Certificates of Deposit purchased or redeemed by any Entity and/or Individual.

3.      All Documents pertaining to all Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by any Entity and/or Individual.

4.      All Currency Transactions Reports (CTR Form 4789) and Reports of International Transportation of Currency or Monetary Instruments (Form 4790) filed by you with the Department of Treasury, Internal Revenue Service, or the United States Customs Service, relating to any currency transactions conducted by or on behalf of any Entity and/or Individual.

5.      Logs or spreadsheets listing all wire transfers initiated, originated, credited to, or ultimately received by any Entity and/or Individual, during the Relevant Period, in which transfers the Bank acted <u>solely</u> as an intermediary bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer.

6.      To the extent not included in Document Request No. 5, logs or spreadsheets of all payment messages—whether generated by CHIPS, SWIFT, Fedwire, or any other interbank payment service—regarding any wire transfer initiated, originated, credited to, or ultimately received by any Entity and/or Individual, in which transfer the Bank acted <u>solely</u> as an intermediary bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer.