UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Case No.: 21-16133-LMI

OCEANROAD GLOBAL SERVICES LIMITED,
HOLDWAVE TRADING LIMITED

Chapter 15

Debtors in a Foreign Proceeding.

(Jointly Administered)

_____/

**CONFIDENTIALITY STIPULATION**

**IT IS HEREBY STIPULATED AND AGREED** by and between Nicholas Wood, and Colin Diss, the joint liquidators ("Foreign Representatives"), as court-appointed joint liquidators of Oceanroad Global Services Limited ("Oceanroad") and Holdwave Trading Limited ("Holdwave") (together, the "Debtors"), and non-party subpoena recipient HSBC Securities (USA) Inc., (the "Disclosing Party" or "HSBC"), by and through their respective undersigned counsel, that:

1. The term "Confidential Information" as used in this Agreement means any non-public record, document, thing, or information that is entitled to protection under 11 U.S.C. § 107(b) and is labeled "Confidential" by the Disclosing Party, except as specified in paragraph 7. Notwithstanding anything in this Agreement to the contrary, the designation by Disclosing Party of information as "Confidential" is intended to facilitate the expeditious production of information requested by the Subpoena and is not (and shall not be construed as) a determination that such information qualifies as confidential under applicable law. Accordingly, this Agreement shall not preclude the Foreign Representatives from requesting the Court in this case, upon notice and opportunity for hearing, to determine that any Confidential Information is not confidential under applicable law.

2. The Foreign Representatives and their counsel shall not use Confidential Information for any purpose other than (a) in the U.S. Chapter 15 Case of the Debtors, jointly administered under Case No. 21-16133-LMI, including any adversary proceedings brought in connection therewith (the "U.S. Chapter 15 Case"), (b) in the Debtors' liquidation proceedings pending before the High Court of Justice, United Kingdom (the "Foreign Main Proceeding"), including any adversary proceedings brought in connection therewith, (c) in connection with pending or contemplated litigation or other legal proceeding brought in any jurisdiction by one or more of the Foreign Representatives, or their successor in office, related to or in connection with the liquidation or administration of the estates of the Debtors or related companies in liquidation administered by the Foreign Representatives, and (d) judicial and extra-judicial investigations, enquiries and discovery pursued by the Foreign Representatives (if any) in connection with the liquidation or administration of the estates of the Debtors or related companies in liquidation administered by the Foreign Representatives (collectively, the "Matter").

3. The Foreign Representatives and their counsel shall not use or disclose Confidential Information to any person or entity, directly or indirectly, for any purpose not directly related to the Matter.

4. Except when not permitted by law or court order, any Party to whom Confidential Information has been furnished who receives from any non-party (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards, or associations) a subpoena or other process that seeks production or disclosure of Confidential Information shall give written notice by e-mail to HSBC's Legal Department by the earlier of the business day occurring (a) five (5) business days prior to the date that documents are required

to be produced under the subpoena or other process or (b) ten (10) business days after actual service of the subpoena or other process. The term "business days" used in this paragraph means days on which the courts are open in the jurisdiction in which the subpoena or other process is issued. The written email notice shall be sent to legal.paper.processing@us.hsbc.com and shall include a copy of the subpoena or other process. If the Disclosing Party informs the Foreign Representatives that the Disclosing Party will take action to maintain the confidentiality of the Confidential Information, the Foreign Representatives shall refrain, to the extent legally permissible under the law governing the subpoena or other process, from disclosing the Confidential Information until the Disclosing Party's efforts are resolved.

5. In the event the Foreign Representatives seek to file any document containing Confidential Information with any court or tribunal in any jurisdiction, the Foreign Representatives shall request that the Confidential Information be filed and maintained under seal, redacted from any public filing, or otherwise protected in accordance with the law applicable in that court or tribunal. The Foreign Representatives have no obligation to withhold or withdraw from a court file any document containing Confidential Information for which the court or tribunal denies or later revokes such protections.

6. The Foreign Representatives and the Disclosing Party agree that the obligations embodied herein shall not apply to information already in the public domain, or already in the possession of the Foreign Representatives or their counsel, consultants, or experts, or obtained from a third party not under any obligation of confidentiality.

7. Notwithstanding anything in this Agreement to the contrary, the designation by the Disclosing Party of information as "Confidential" is intended to facilitate the expeditious production of information requested by the Subpoenas and is not (and shall not be construed as) a

determination that such information qualifies as confidential under applicable law. Accordingly, this Agreement shall not preclude the Foreign Representatives from requesting the Court in this case, upon notice and opportunity for a hearing, to determine that any Confidential Information is not confidential under applicable law.

8. The obligations under this Agreement shall survive the termination of the Matter or the enforcement proceedings related to the Matter and continue to bind the Foreign Representatives and the Disclosing Party.

9. Nothing in this Agreement shall affect the Disclosing Party's current or future objections to the Subpoenas, or any rights with respect to the Subpoenas or otherwise. All such rights are reserved and not waived.

10. If the Disclosing Party gives notice to the Foreign Representatives that certain produced material was inadvertently produced and is subject to a claim of privilege, work product, or other protection or immunity, such inadvertent production shall not be deemed a waiver of privilege, work product, or other immunity, and the obligations of the Foreign Representatives shall be as set forward in Fed. R. Civ. P. 26(b)(B).

11. If the Disclosing Party gives notice to the Foreign Representatives that certain produced material was inadvertently produced without a confidentiality label, such inadvertent production shall not be deemed a waiver of confidentiality, and the obligations of the Foreign Representatives shall be to treat such material as Confidential Information under this Agreement beginning on the date such notice is received.

12. This agreement may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document. Copies of or electronic signatures shall have the same force and effect as original signatures.

13. This Agreement shall be governed by, and construed and interpreted in accordance with, the law applicable in the State of Florida without regard to conflict of law provisions that may call for the application of foreign law. Any action or proceeding related in any way to this Agreement shall be brought in the United States Bankruptcy Court for the Southern District of Florida, and all Parties consent to its jurisdiction for this purpose.

14. Within 60 days of the final disposition of the Matter, the Foreign Representatives and its agents shall use reasonable efforts to destroy or return all "Confidential Information" produced by HSBC and all copies thereof, in its possession, save that the Foreign Representatives and their counsel may, for the purposes only of compliance with their respective legal, professional, regulatory or compliance duties and/or requirements, preserve one copy of such Confidential Information subject to a continuing duty to comply with the terms of this Agreement in respect thereof and to keep such Confidential Information confidential.

Dated: March 26, 2025

By: /s/ Nyana Abreu Miller

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Templeton N. Timothy, Esq.
Florida Bar No.: 1025172
ttimothy@sequorlaw.com
Nyana Abreu Miller
Fla. Bar No.: 92903
nmiller@sequorlaw.com

*Counsel for the Foreign Representatives*

By: /s/ Kendall R. Pauley
Kendall R. Pauley
Legal Counsel

HSBC North America Holdings Inc.
66 Hudson Boulevard East
New York, New York 10001
kendall.pauley@us.hsbc.com

*Counsel for HSBC Securities (USA) Inc.*